15383

STATE v. WOODS

(19 S. E. (2d), 103)

February 1941.

*Mr. Neville Bennett,* and *Mr. J. K. Owens,* both of Bennettsville, for appellant,

*Mr. Sidney S. Tison, Solicitor,* of Bennettsville, for respondent.

March 2, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

The appellant was convicted in the Court of General Sessions for Marlboro County of reckless homicide upon an indictment containing two counts, that for which he was convicted and also involuntary manslaughter.

On the fatal day appellant drove his automobile about a hundred miles in this State and in North Carolina, engaged in hunting a part of the time with one companion, but in Maxton, North Carolina, his brother was added as a passenger and they made other stops at filling stations. Appellant admitted that he was drinking, he first said a little, but afterward that they had whiskey and bought more and that he had three drinks between midday and the time of the accident, about 5:30 or 6 o'clock, dusk of a December day in 1940.

The appellant and his two companions were riding in a coupe and bound south; a few miles north of Bennettsville they took to the left of the highway and crashed head-on into a car going north. Two deaths, one in each automobile, resulted, appellant's brother having been killed in his car and Mrs. Inez Sutton in the other.

It was contended by the defense that appellant's car was being operated at the time of the accident by his deceased brother although it was admitted that until just prior to the collision and a few miles therefrom the appellant had driven, and this was an issue for the jury, and in the light of the record, practically the only issue.

In that connection the theory of defense counsel was that appellant's injuries were not appropriate or sufficient for his occupancy of the driver's seat and that the fatal wounds of his brother tended to show that the latter was driving. There was direct evidence on behalf of the State that the appellant was driving and the testimony of appellant and the other survivor was to the contrary. But the latter had stated to the sheriff and a Governor's officer just after the accident that the appellant was driving and that they were all drunk or drinking.

In the cross examination of a State's witness it was undertaken in behalf of the appellant to get in evidence certain records of the hospital of the injuries to appellant and his brother. When questioned as to the relevancy, appellant's counsel after delay finally stated that the nature of the wounds would show where the victims were sitting, respectively, in the automobile, to which the Court replied to counsel, not addressing or instructing the jury: "That is wholly a conclusion. Sometimes the man under the wheel is killed and the man sitting next to him isn't injured and sometimes the man sitting next to the driver is killed and the driver isn't injured. Sometimes a man is killed when an automobile collides with a train and he won't have a mark on him."

The evidence was rejected upon the ground that the maker of the record should be produced as a witness.

This was done as a part of the defendant's case and the doctor who dictated the record was questioned at length thereupon and it was admitted, so whatever harm, if any, may have been done by the original exclusion of the evidence was cured by its subsequent admission, and the ques-

tion made and argued thereabout by appellant is necessarily answered adversely to him.

It does not appear that prejudice resulted to appellant from the quoted remarks of the Court to his counsel. They were the culmination of an extended colloquy, apparently unnecessarily prolonged by counsel. Afterward, the jury were instructed over and over again that they were the sole judges of the credibility of the witnesses and the exclusive finders of the facts.

The only other question presented is closely connected with the foregoing. While counsel compliment the trial Court by saying in argument that his charge to the jury was like a textbook prepared in the calm and other advantages of a library, they contend that it ignored appellant's defense that not he but his dead brother was operating the death-car at the time of the collision. However, we have carefully read and considered the charge and do not find that the Court omitted any necessary instruction. At the beginning of the charge, apparently reading from the indictment, the Court told the jury that the defendant was charged with causing the death of Inez Sutton by striking and wounding her body with an automobile, and there are other contents of the charge of similar import. Then the Statute, Code Supp. 1938, § 1616(29), was quoted: "When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of reckless homicide."

The Court complied with the constitutional requirement that he "declare the law," Const. Art. 5, § 26, invoked by appellant, and we do not think that the one authority cited, *Collins-Plass Thayer Co. v. Hewlett*, 109 S. C., 245, 95 S. E., 510, is applicable.

From our consideration of the entire record of the trial we are convinced beyond doubt that the jury could not have missed the point of the appellant's defense, hence we conclude that there was no error.

Toward the conclusion of his instruction of the jury, the trial Judge asked if there were any other propositions of law the State or defense desired to have charged, and to this query the Solicitor replied in the negative and the record shows that there was no response from counsel for the defense. The latter had expressly declined to submit requests before the commencement of the charge.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.